IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

| | | |
|---|---|---|
| HAROLD HENDERSON, | * | |
| ADC # 85533, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 2:03cv00129 SWW/HLJ |
| | * | |
| | * | |
| | * | |
| RANDALL WILLIAMS, et al., | * | |
| | * | |
| Defendants. | * | |

ORDER

Claiming he suffers from a serious medical condition, TMJ Musculoskeletal disorder ("TMJ"), plaintiff Harold Henderson, an inmate in custody of the Arkansas Department of Correction ("ADC"), filed this action alleging defendants' alleged failure and/or refusal to provide him with a TMJ appliance and/or adequate TMJ treatment constitutes deliberate indifference to his serious medical or dental needs. Plaintiff also asserted defendants' alleged failure and/or refusal to provide him with a TMJ appliance and/or adequate TMJ treatment gives rise to a state-law claim of negligence. By Order entered May 5, 2009 [doc.#150], this Court dismissed plaintiff's state-law negligence claim against all defendants without prejudice. Plaintiff's remaining deliberate indifference claim proceeded to trial before a jury that same day. On May 8, 2009, the jury returned a verdict in favor of defendants Max Mobley, Ph.D., Dr. Martin Zoldessy, Dr. Ronald Hill, and Dr. Richard Carpenter, but found against Correctional Medical Services, Inc. ("CMS") on plaintiff's claim of deliberate indifference to his serious medical or dental needs. The jury awarded plaintiff $850.00 in damages. Judgment in favor of

plaintiff and against CMS was entered on May 15, 2009.

The matter is now before the Court on motion of CMS for Judgment Notwithstanding the Verdict [doc.#162] to which plaintiff has responded in opposition. Also before the Court is a motion of plaintiff for injunctive relief [doc.#154] to which CMS has responded in opposition. Having considered the matter, the Court denies the motion of CMS for Judgment Notwithstanding the Verdict and grants the motion of plaintiff for injunctive relief. The Court will address these motions in turn.[1]

I.

A motion for judgment notwithstanding the verdict is in essence a motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50 and is considered under standards applicable to such motions. *Larson v. Miller*, 76 F.3d 1446, 1452 n.3 (8th Cir. 1996). In this respect, a motion for judgment as a matter of law is considered in the light most favorable to the party who prevailed before the jury. *Id.* at 1452 (citation omitted). This standard requires this Court to (1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn. *Id.* A jury verdict will not be set aside unless there is a complete absence of probative facts to support the verdict. *Wilson v. Brinker International, Inc.*, 382 F.3d 765, 769 (8th Cir. 2004). Judgment as a matter of law is appropriate

---

[1] With the exception of the jury instruction conference, this Order was prepared without benefit of a transcript of the proceedings.

only when the record contains no proof beyond speculation to support the verdict. *Id.* at 770. *See also Schooley v. Orkin Extermination, Co., Inc.*, 502 F.3d 759, 764 (8th Cir. 2007) (judgment as a matter of law is only appropriate where the evidence adduced at trial is entirely insufficient to support the verdict).

A.

CMS argues the evidence was insufficient to support a finding against CMS but this Court finds there was ample evidence at trial to support the jury's finding that plaintiff had TMJ, that CMS was aware of plaintiff's TMJ, and that CMS was deliberately indifferent to plaintiff's serious medical or dental needs. Among other things, plaintiff testified that he suffered from TMJ and had been diagnosed by Drs. Carpenter, Patrick Fields, and Hill, and it was undisputed that plaintiff was diagnosed with TMJ and provided a TMJ appliance in the late 1990s while he was incarcerated in the ADC. The appliance broke, however, and he was never given a replacement. That CMS was aware that plaintiff had TMJ and needed an appliance cannot be questioned. Plaintiff submitted numerous written complaints concerning his condition and formal grievances repeatedly informing ADC and CMS officials of his condition. Moreover, plaintiff's testimony that he needed a TMJ appliance was supported by Dr. Shelby Woodiel and by the medical and dental records entered into evidence. Indeed, CMS's own dentist, Dr. Fields, diagnosed plaintiff with TMJ in 2003 and twice recommended a TMJ appliance. Similarly, CMS dentist Dr. Hill recommended such relief for plaintiff. And there is evidence that Dr. Zoldessy, CMS's regional dental director, knew of plaintiff's condition but, despite having never examined plaintiff, refused to provide him an appliance.

There was also evidence from which the jury could properly find that CMS's policy inflicted injury upon plaintiff. *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (to support a claim against CMS under 42 U.S.C. § 1983, plaintiff was required to show that there was a policy, custom, or official action that inflicted an actionable injury). The dental services policy provides in pertinent part that "TMJ splints or other orthopedic devices" will not be provided unless considered clinically reasonable and necessary for mastication, and provision of a TMJ splint (or appliance) requires agreement by the regional dental director, among others. Evidence at trial showed that the dental policy as applied to plaintiff prevented him from obtaining the care he needed, namely a TMJ appliance, and that the policy at a minimum was unconstitutional as applied to plaintiff. Plaintiff testified as to the pain he was experiencing in the absence of a TMJ appliance and there was evidence that plaintiff needed such an appliance (including from CMS's own dentists), having previously been provided one by ADC, but that he was only prescribed pain medication such as ibuprofen; he was not given a TMJ appliance. As previously noted, Dr. Zoldessy, CMS's regional dental director, was aware of plaintiff's request for TMJ treatment but never examined plaintiff and refused to provide him a TMJ appliance. The jury, then, could have decided that the policy was unconstitutional as applied to plaintiff because the policy could have allowed plaintiff a TMJ appliance but CMS officials refused to properly apply the policy to him. Alternatively, the jury could have determined that the policy as properly applied prevented plaintiff from receiving proper dental care, namely a TMJ appliance.[2]

---

[2] The provision of the dental services policy stating a TMJ devise will not be provided "unless considered clinically reasonable necessary and necessary for mastication" is arguably unconstitutional on its face as it seemingly conflicts with that provision of the dental services policy that defines a serious medical condition as "[a] condition which may be life threatening *or pose a risk of needless pain* or lingering disability if not treated at once." CMS Dental Policy #36.00, Section 1. Definitions. n. (emphasis added). The policy, in other words, seemingly precludes a TMJ devise that would alleviate "needless pain" – by its own definition a serious medical condition.

Such evidence was sufficient to support the jury's findings that CMS was deliberately indifferent to plaintiff's serious medical needs and that there was a policy, custom, or official action that inflicted an actionable injury.[3]

B.

CMS additionally argues that the jury instruction on deliberate indifference as to CMS was erroneous. The Court instructed the jury as follows on deliberate indifference:

INSTRUCTION NO. 5

Your verdict must be for plaintiff Harold Henderson and against a defendant on the plaintiff's claim of deliberate indifference to his serious medical or dental needs if all of the following elements have been proved:

First, the plaintiff had a serious need for a TMJ musculoskeletal disorder appliance and/or adequate TMJ treatment; and

Second, the defendant was aware of the plaintiff's serious need for such TMJ appliance and/or adequate TMJ treatment; and

Third, the defendant, with deliberate indifference, failed to provide the medical or dental care or direct that the medical or dental care be provided or allow the plaintiff to obtain the medical or dental care needed; and

Fourth, as a direct result, the plaintiff was damaged.

If any of the above elements has not been proved, then your verdict must be for the defendant.

The jury then answered the following interrogatory in favor of plaintiff:

2. On plaintiff Harold Henderson's claim of deliberate indifference to his serious medical or dental needs against defendant Correctional Medical Services, Inc., as submitted in Instruction No. 5, we find in favor of:

---

[3] Plaintiff's Response to Correctional Medical Services' Motion for Judgment Notwithstanding the Verdict [doc.#166] sets forth additional evidence in support of the jury's verdict against CMS.

_____
    Harold Henderson               **OR**        Correctional Medical Services, Inc.

      CMS does not argue that Instruction No. 5, which is an Eighth Circuit model instruction tailored to this case, improperly set forth the elements of deliberate indifference but, rather, that plaintiff failed to proffer an instruction on policy, pattern, practice, or custom and, thus, the instruction as to CMS was erroneous. The Court disagrees.

      During the jury instruction conference this Court made clear that the theory of respondeat superior is not applicable in § 1983 cases and that CMS could only be found liable via the policy as written or as applied, *i.e.* that the policy as written can reflect deliberate indifference or that the policy as applied can reflect deliberate indifference. The Court determined that the policy remains at issue, a determination with which counsel for CMS agreed. The instructions as a whole made clear that the liability of each defendant was to be considered separate from the other defendants, and counsel for plaintiff properly argued the policy's application or non-application to plaintiff caused him injury and made CMS deliberately indifferent to plaintiff's serious medical or dental needs. As previously noted, there was ample evidence from which the jury could properly conclude that the policy caused injury to plaintiff.

      Moreover, counsel for CMS, despite opportunity, did not properly object to Instruction No. 5 along the lines outlined in her motion for judgment notwithstanding the verdict and she also neither argued for nor proffered any instructions on policy, pattern, practice, or custom. *See* Fed.R.Civ.P. 51(c) and (d) (requiring a party to object to an instruction or the failure to give an instruction by "stating distinctly the matter objected to and the grounds for the objection" and providing that a party may assign as error "a failure to give an instruction, if that party properly

requested it and–unless the court rejected the request in a definitive ruling on the record–also properly objected").[4]  CMS states in its motion that this is the "first opportunity to present this argument to the Court" but, as the jury instruction conference makes clear, that simply is not the case.

II.

Based on the jury's finding in favor of plaintiff on his claim of deliberate indifference against CMS, plaintiff requests the following injunctive relief:

> CMS is hereby ordered to provide Harold Henderson, ADC # 85533, adequate TMJ treatment including, without limitation, providing an appropriate TMJ mouthpiece/appliance.  Such treatment shall commence with the entry of this order and continue for so long as Harold Henderson is an inmate in the Arkansas Department of Correction and CMS or its successors or assigns provides medical services to such inmates.

CMS argues that the proof adduced at trial does not support injunctive relief, that this Court should not become involved in medical matters in the context of the prison system, and that the relief requested by plaintiff is so overreaching in both time and treatment that such relief should be denied.  Given the proof adduced at trial, however, including that plaintiff previously was provided a TMJ appliance but that it broke and was not replaced, and given the jury's determination that CMS was deliberately indifferent to plaintiff's serious medical or dental needs, the Court finds that plaintiff's motion for injunctive relief is well-taken and should be granted.

---

[4] Contrary to CMS's argument, it was CMS's responsibility, not plaintiff's, to proffer any instructions it desired to be given to the jury.

III.

For the foregoing reasons, the Court denies the motion of CMS for Judgment Notwithstanding the Verdict [doc.#162] and grants the motion of plaintiff for injunctive relief [doc.#154]. CMS is hereby ordered to provide Harold Henderson, ADC # 85533, adequate TMJ treatment including, without limitation, providing an appropriate TMJ mouthpiece/appliance. Such treatment shall commence with the entry of this order and continue for so long as Harold Henderson is an inmate in the Arkansas Department of Correction and CMS or its successors or assigns provides medical services to such inmates.

IT IS SO ORDERED this 11th day of June 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE